Filing # 126221235 E-Filed 05/05/2021 01:48:28 PM

# IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
# SMALL CLAIMS DIVISION

| | |
|---|---|
| **Madlena Pape** | |
| *Plaintiff,* | Case No.: |
| v. | |
| **Capio Partners, LLC** | Ad Damnum: **$2,000 + Fees and Costs** |
| *Defendant.* | **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Madlena Pape** ("**Ms. Pape**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Capio Partners, LLC** ("**Capio**") stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Pape against Capio for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d), the FCCPA, § 559.77(1) Florida Statutes, and Section 34.01, Florida Statutes.

Page **1** of **10**

3. Capio is subject to the provisions of the FDCPA an FCCPA and to the jurisdiction of this Court, pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, because the acts complained of were committed and / or caused by the Defendants within Hillsborough County.

## PARTIES

### Ms. Pape

5. **Ms. Pape** is a natural person residing in Seffner, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. §1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

### CAPIO

6. **Capio** is a Texas limited liability company, with an address of **2222 Texoma Parkway, Suite 150, Sherman, TX 75090.**

7. Capio is registered to conduct business as a foreign limited liability company in the state of Florida, where its Registered Agent is **CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.**

8. Capio is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses instrumentalities of commerce, including postal mail, telephone, the internet, and/or e-mail, interstate and within the State of Florida, for their businesses, the principal purposes of which are the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Capio is licensed as a *Consumer Collection Agency* ("CCA") by the Florida Office of Financial Regulation, holding license number **CCA0900462.**

## FACTUAL ALLEGATIONS

10. Around October and December 2018, Ms. Pape's minor son required emergency medical treatment at Brandon Regional Hospital.

11. Brandon Regional Hospital later claimed Ms. Pape incurred a medical debt of for charges not covered by insurance (the "**Debt**").

12. Around June 2020, Brandon Regional Hospital assigned the debt to Capio for collection.

13. Upon receiving placement of the Debt, Capio sent several collection letters to Ms. Pape, including one dated June 8, 2020. **SEE PLAINTIFF'S EXHIBIT A.**

14. Rather than prepare and mail a collection letter on its own, Capio sent information to a commercial mail house called CompuMail in Concord, California ("**mail house**").

15. Capio disclosed to CompuMail:

   a. Ms. Pape's status as a debtor,

   b. The amount alleged as owed to Brandon Regional Hospital,

   c. the fact the Debt concerned medical treatment for her minor son,

   d. the full name of her minor son,

   e. two dates in 2018 Ms. Pape's minor son received medical treatment,

   f. the original account number relating to the debt, and

   g. other highly personal pieces of information.

16. CompuMail then populated some or all of this information into a pre-written template, printed, and mailed the letter from California to Ms. Pape's residence in Florida. *Id.*

17. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any

medium," which includes sending an electronic file containing information about Ms. Pape's purported debt to a mail house.

18. Capio's communication to CompuMail was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with instructions to produce a collection letter and mail it to Ms. Pape, the consumer, with the objective that the correspondence would motivate the consumer to pay some or all of the alleged Debt.

19. CompuMail is a distinct entity not owned by Capio.

20. CompuMail is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

21. CompuMail is not an attorney as referenced in 15 U.S.C. § 1692c(b).

22. Ms. Pape never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with any mail house.

23. 15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (emphasis added).

24. The mail house used by Capio as part of its debt collection effort against Ms. Pape does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

25. Due to Capio's communication to this mail house, information about Ms. Pape, including her name, balance supposedly owed, her son's name and treatment dates, and the amount she supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

26. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

27. Communications from debt collectors to mail houses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt. *See Hunstein v. Preferred Collection & Mgmt. Servs., No. 19-14434 (11th Cir. Apr. 21, 2021)*

28. Capio devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

29. This mail house strategy allowed Capio to generate more profit and gain an advantage over competitors.

30. In reckless pursuit of these business advantages, Capio disregarded the known, negative effects that disclosing sensitive medical information to an unauthorized third party would have on a consumer.

31. Capio's unauthorized and prohibited communications caused Ms. Pape, a consumer who highly values her privacy, significant emotional distress since her confidential, legally protected medical and personal information had been unlawfully disseminated to third parties.

32. Ms. Pape has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

33. Ms. Pape adopts and incorporates paragraphs 1 – 32 as if fully stated herein.

34. Capio violated **15 U.S.C. § 1692c(b)** when it disclosed information about Ms. Pape's purported St. Joseph's Hospital debt to an unauthorized third-party mail house and the employees of that mail house in connection with the collection of the Debt.

35. Capio violated **15 U.S.C. § 1692f** by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive payment, transaction, and personal information about Ms. Pape to third parties not expressly authorized under the FDCPA.

36. Capio's conduct renders it liable for the above-stated violations of the FDCPA, and Ms. Pape is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

37. Capio intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

**WHEREFORE,** Ms. Pape respectfully requests this Honorable Court enter judgment against Capio for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA

38. Ms. Pape adopts and incorporates paragraphs 1 – 32 as if fully stated herein.

39. Capio violated **Section 559.72(5), Florida Statutes**, when it disclosed to CompuMail, a third party, information that would affect Ms. Pape's reputation, specifically details about her son's medical issues, treatment dates and purported unpaid bills. Capio was aware that

there was no legitimate business *need* to convey this information, since Capio could easily have prepared and mailed the letter itself without any need to disclose the information to a third party.

40. Instead, Capio *intentionally decided* to disclose this information to the California mail house as part of its debt collection effort against Ms. Pape because it allowed Capio to gain a competitive advantage over the competition through increased profit margins.

41. Capio's conduct renders them liable for the above-stated violations of the FCCPA, and Ms. Pape is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Ms. Pape respectfully requests this Honorable Court enter judgment against Capio for:

a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party when attempting to collect a consumer debt.

d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

e. Such other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Ms. Pape hereby demands a jury trial on all issues so triable.

Respectfully submitted May 5, 2021, by:

                        **SERAPH LEGAL, P.A.**
                        */s/ Thomas M. Bonan*
                        Thomas M. Bonan, Esq.
                        FL Bar #: 118103


TBonan@SeraphLegal.com  
1614 N. 19th St.  
Tampa, FL 33605  
Tel: 813-321-2347  
Fax: 855-500-0705  
*Counsel for Plaintiff*

# EXHIBIT A
## Collection Letter sent to Plaintiff via Mail House

capio PARTNERS
2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

| [illegible] | REDACTED | |
|---|---|---|
| Patient | REDACTED | |
| Account # | Date of Service | Balance Due |
| SEE REVERSE | SEE REVERSE | $650.39 |

June 8, 2020

**NOTICE OF DEBT**

**WHAT IS THIS ABOUT?**
The above accounts, owed to Brandon Regional Hospital are past due. Capio Partners has been contracted to collect the outstanding balance. Payments and questions should be directed to Capio Partners to ensure prompt service and credit.

**WHAT YOU CAN DO?**
We are reasonable people to deal with and we know that times are tough. However, we need your assistance to help you resolve these accounts. Remember, to ensure prompt service and credit, inquiries or payments should be made directly to Capio Partners.

Office hours are Monday through Thursday 8AM to 7PM, Friday 8AM to 5PM and Saturday 8AM to NOON, Central Time. You may contact us toll-free at 888-887-6705. We offer several payment options. We can take your payment information over the phone or you may mail a check directly to our office or pay your accounts online. You will need this letter for reference in order to pay your accounts online.

Sincerely,
Capio Partners, LLC

PAY ONLINE **https://madlenabqueorquiev33169d0.revexpress.com**
**PASSWORD: 11EF625**

~~SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION~~

***Detach Bottom Portion and Return With Payment***

DEPT 373 6203863320067
PO BOX 4115
CONCORD CA 94524

Reference #: REDACTED
Account #: REDACTED
Balance Due: $650.39

RETURN SERVICE REQUESTED

REDACTED

Capio Partners LLC
P. O. Box 1378
Sherman, TX 75091

THCMCN1C-0600-1367056226-00487-487



Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored and/or recorded for quality assurance purposes.

| Account # | Date of Service | Amount |
|---|---|---|
| REDACTED | REDACTED | REDACTED |

CHECK ONE: ____ [ ] MASTERCARD    ____ [VISA] VISA
ACCOUNT NUMBER _____  EXP DATE _____
CARDHOLDER NAME _____
CARDHOLDER SIGNATURE _____
                                              AMOUNT OF PAYMENT $ _____

THCMON1C-0600-1367058226-00467-467